UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRIS TUCKER                                                                PETITIONER

v.                                                   CIVIL ACTION NO.  3:11CV-546-H

M I RIVERA, WARDEN, et al.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the court on Chris Tucker's *pro se* petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  The petitioner claims his trial attorney provided ineffective

assistance by failing to pursue a suppression hearing and, instead, by advising the petitioner to

plead guilty.  The petitioner also asserts a claim of actual innocence.  The respondent moves to

dismiss the petition on the merits and on the ground of procedural default.[1]  The court referred

this matter to the undersigned magistrate judge for a report and recommendation pursuant to 28

U.S.C. § 636(b)(1)(A) and (B).  For reasons stated below, the magistrate judge recommends that

the court deny the petition.

## I.  FINDINGS OF FACT

  1)  The petitioner is serving a twenty-year sentence after pleading guilty to trafficking in a

controlled substance (first degree), tampering with physical evidence, illegal possession of drug

paraphernalia, and being a persistent felony offender (second degree).  The petitioner did not file

a direct appeal but moved to vacate the conviction in collateral proceedings under Kentucky

Rule of Criminal Procedure 11.42.  The trial court denied the motion, and the defendant

---

[1]Although the petition names the attorney general as an additional respondent, the report will refer only to
the warden, the only proper respondent under § 2254.

successfully appealed because the trial court denied his right to an evidentiary hearing.  On remand, the trial court appointed counsel, held an evidentiary hearing, and denied relief on the merits.  The Kentucky Court of Appeals affirmed, and the Supreme Court of Kentucky denied discretionary review.  The petitioner now timely seeks federal habeas review.

2)  In the state collateral proceedings, the petitioner claimed his continued detention after a traffic stop was unreasonable in scope and duration and that his counsel was ineffective for failing to pursue meritorious suppression motions, which were filed but never set for hearing.[2] The trial court summarized the facts of the case as follows:

> During the evidentiary hearings, [the petitioner] called three of the officers who were present the day of the arrest, and in effect conducted a suppression hearing.  Detective Michael Halblieb testified that he and other officers, who were assigned to a narcotics unit, were conducting a narcotics surveillance at the Quality Inn.  The hotel was known as a high crime area, and officers had made a number or arrests and seized large quantities of drugs from the hotel in the past.  They observed [the petitioner] leave Room 33 of the Quality Inn and get into a vehicle.  Detective Halblieb followed [the petitioner] as he got in his car and entered the adjacent interstate highway.  He was followed to within a short distance of the county line, then pulled over after speeding and failing to use a turn signal.  When asked about the hotel, [the petitioner] stated he had not come from the hotel, but said that he'd come from the home of a friend.  He then changed his story and stated he had come from the hotel, but not from the room detectives had observed him leave.  Officers asked to search the

---

[2]Appendix 101, (tendered with respondent's answer, docket no. 21).

car, and when [the petitioner] refused, officers called for a drug dog.  The dog "hit" on the driver's door, and a subsequent search of [the petitioner] revealed a set of scales on his person. Detectives then obtained a search warrant and executed a search of Room 331 of Quality Inn.  Approximately [one] ounce and a half of crack cocaine was found in the room.  Detective Kevin Taylor and Detective Rod Seelye testified, essentially supporting the testimony of Detective Halblieb. [The petitioner] then called his former counsel, Mr. Radolovich, who testified that he filed a suppression motion, that he had spoken with his client about the suppression motion, and had discussed with him the weaknesses of the motion, in light of the fact that [the petitioner] had given false or misleading information to the officers as to his activities prior to the traffic stop.

This is [a hearing on a motion to vacate].  The question is not whether the [c]ourt would have sustained [the petitioner's] motion to suppress had the hearing been held.  Rather, the question is whether [the petitioner's] counsel was ineffective for advising him to plead guilty instead of pursuing the motions to suppress. This [c]ourt concludes that counsel was not ineffective. [The petitioner] was observed coming from a motel known as a high drug trafficking area.  He was stopped following a traffic violation. He gave police false and conflicting information about his whereabouts. A drug dog hit on his car, and a set of scales was found on [the petitioner].  This led to a search warrant for the hotel room, signed less than an hour and a half after detectives first observed [the petitioner] leaving the room, which led to the recovery of drugs.  Given existing case law that permits pretextual stops, brief detention to obtain the services of a drug dog and to procure a warrant, and given the false statements made by the

defendant, counsel could reasonably have predicted that any
motions to suppress would [have failed]. [The petitioner] entered
his guilty plea pursuant to a recommendation of the
Commonwealth of twenty (20) years, the minimum he could have
received as charged.  Given that upon any conviction for felonies
charged, the jury would have been advised that [the petitioner] had
three prior felony convictions for drug trafficking, and could have
imposed a sentence far in excess of the minimum [the petitioner]
received, the [c]ourt does not find that counsel acted unreasonably
or ineffectively in advising [the petitioner] to plead guilty.[3]

3)  The Kentucky Court of Appeals affirmed the trial court's reasoning and explained:

[T]he evidence presented during the evidentiary hearing
established that the narcotics detectives began their surveillance of
the motel at 4:58 p.m. and the judge signed the search warrant for
[the petitioner's] room at 6:20 p.m.  Thus, during that one hour and
twenty-two minute time span:  detectives observed [the petitioner]
leave the motel, stopped him for speeding, called for a drug dog to
be brought to the scene, searched [the petitioner's] vehicle and
person, and obtained a search warrant for his hotel room. … while
'an investigative detention must be a temporary and last no longer
than is necessary to effectuate the purpose of the stop,' *Florida v.
Royer*, [460 U.S. 491, 500 (1983)], we are of the opinion that [the
petitioner] failed to demonstrate that his detention was
unreasonable in either scope or duration.  The twenty-five minutes
it took to have the drug dog brought to the scene was within the
allowable time-frame. [Citations omitted.]  Further given [the

---

[3]App. 222-223.

petitioner's] flagrant lack of cooperation and truthfulness,
detectives acted appropriately in detaining him once they had
reasonable suspicion that criminal activity was afoot.[4]

## II.  CONCLUSIONS OF LAW

### A.  Standard of Review

4)  The federal habeas statute, as amended in the Antiterrorism and Effective Death
Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the
following conditions:

the [state court's] adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding.

28 U.S.C. § 2254(d).  This statute further provides that state court determinations of fact are
presumed to be correct.  § 2254(e)(1).

5)  The petitioner carries the burden of proof under § 2254(d), which is a "highly
deferential standard for evaluating state-court rulings," unlike review on direct appeal, and
"demands that state-court decisions be given the benefit of the doubt."  *Cullen v. Pinholster*, —
U.S. — , 131 S.Ct. 1388, 1398 (2011).  When the state court articulates the correct legal rule in
its review of a claim, a "federal habeas court may not issue the writ simply because that court
concludes in its independent judgment that the relevant state-court decision applied clearly

---

[4]App. 273-74.

5

established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams (Terry) v. Taylor*, 529 U.S. 362, 411 (2000); *see also Tolliver v. Sheets*, 594 F.3d 900, 916 (6th Cir. 2010) (stating that a dual finding, incorrectness and unreasonableness, are essential elements to habeas relief.)

6)   In the same vein, a federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 976 (2006) (stating, "Reasonable minds reviewing the record might disagree ... but on habeas review that does not suffice to supercede the trial court's credibility determination.").  A federal court must assess whether the state court's decision was unreasonable in light of the record that was before the state court.  *Pinholster,* 131 S.Ct. at 1400.

## B.  The Petition

7)   The petitioner contends that trial counsel provided ineffective assistance in failing to challenge the scope and duration of the traffic stop in a suppression hearing.  To establish ineffective assistance of counsel, a defendant must show two essential elements:  that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).  For a conviction on a guilty plea, the petitioner must allege that his counsel's performance was deficient and that but for counsel's errors, there is a reasonable probability he would have not pleaded guilty.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985)

8)   The *Strickland* standard includes a strong presumption that counsel's strategic decisions and performance were reasonable.  *Bigelow*, 367 F.3d at 570.  Indeed, *Strickland* "requires

6

showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment ... and that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694); *see also Evans v. Hudson*, 575 F.3d 560, 566 (6th Cir. 2009) (stating the prejudice prong requires outcome-determinative error and a fundamentally unfair or unreliable proceeding) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)).

9)   For claims of deficient performance in the context of suppression motions, the Supreme Court of the United States has stated:

> As is obvious, *Strickland's* standard, although by no means insurmountable, is highly demanding.  More importantly, it differs significantly from the elements of proof applicable to a straight-forward Fourth Amendment claim.  Although a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like respondent's, a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief.  Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence.

*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).  If the success of a suppression motion is unlikely, a lawyer "may not be criticized for having accurately assessed his client's chance of successfully challenging the warrant." *Worthington v. United States*, 726 F.2d 1089, 1093-94 (6th Cir. 1984) (Contie, J., concurring).  Thus, in determining whether the prejudice prong is satisfied, the court must determine the merits of the underlying Fourth Amendment claim.  *See Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005).

**Grounds One, Two, and Three**

7

10)     At the evidentiary hearing, the trial court heard testimony from at least two officers at the scene of the traffic stop, the petitioner, and his trial counsel.  In this petition, the first three grounds essentially challenge the state court's factual findings.  First, the petitioner contends the initial traffic stop was invalid because he was in fact in compliance with traffic laws and was not issued a ticket, warning citation, or other violation.  In grounds two and three of the petition, the petitioner contends he was illegally seized because the traffic stop was impermissibly prolonged due to the time required to summon a drug dog to the scene.  The magistrate judge concludes these claims wholly lack merit.

11)     The state court found that the petitioner was pulled over after speeding and failing to use a turn signal.  The state court also found that it took twenty-five minutes to have the drug dog brought to the scene and concluded the interval was a reasonable amount of time.[5]  With these findings, the state court credited the officers' testimony over the petitioner's testimony.  The petitioner thus seeks habeas relief essentially by attacking the credibility of the police officers.  The magistrate judge declines to supercede the trial court's credibility determination and further concludes the state determination was reasonable in light of the record before it.  Therefore, the magistrate judge will recommend that the court deny grounds one through three for failure to satisfy the criteria for granting habeas review under § 2254(d).

**Grounds Four, Five and Six**

12)     The petitioner argues that counsel was ineffective for failing to challenge whether the canine search was properly conducted.  Because the petitioner did not raise this issue in the trial

---

[5]*See supra,* ¶ 4.  The respondent explains that police records indicated the narcotics detectives began to observe the hotel at 4:58 P.M., and the judge signed the search warrant at 6:20 P.M.  (Mem. in Support of Answer at 7 (Doc. no. 21-1)).

court's evidentiary hearing, the respondent argues that this claim is procedurally defaulted.[6]  The magistrate judge agrees that the petitioner's state-law default bars federal review of this claim.

13)     Rule 11.42 of the Kentucky Rules of Criminal Procedure states that the failure to establish each element of every claim constitutes a waiver of any such claim.  *See also Foley v. Commonwealth*, 17 S.W.3d 878, 884 (Ky. 2000).  At the evidentiary hearing, the petitioner failed to put on any evidence on this issue.  Defense counsel did not call the canine officer listed on the police report to testify and mistakenly called another officer, who offered no testimony on the handling of the canine search.

14)     On federal habeas review, "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error,"  *House v. Bell*, 547 U.S. 518, 536 (2006); *Tolliver v. Sheets*, 594 F.3d 900, 928 (6th Cir. 2010), or shows that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case, *Seymour,* 224 F.3d at 549-50 (citing *Wainwright v Sykes*, 433 U.S. 72 (1977)).  To establish cause, the petitioner must present affirmative evidence, showing that an "objective factor external to the defense" impeded efforts to comply with the state procedural rule.  *Lundgren v. Mitchell*, 440 F.3d 754, 763-64 (6th Cir. 2006).

15)     Defense counsel's mistakes, if any, during the evidentiary hearing on the canine search issue, do not provide cause to excuse the default.  Because there is no constitutional right to counsel in post-conviction proceedings, the alleged ineffective assistance of post-conviction counsel cannot be used to establish cause for a procedural default.  *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).  Thus, the magistrate judge concludes that because the petitioner

---

[6]Mem. in Support of Answer at 7-8.

fails to show cause and prejudice, federal habeas review is barred under the doctrine of procedural default.

16)     In ground four of the petition, the petitioner also challenges the legality of the pat-down search of his person, essentially arguing that officers conducted a strip search on the side of the highway.  The respondent argues the trial court reasonably and correctly discredited any allegation that officers conducted an unnecessarily intrusive pat-down, and noted simply that officers found a set of scales on the petitioner's person after the drug dog hit on the passenger side of his car.  The Kentucky Court of Appeals specifically noted the petitioner's "flagrant lack of cooperation and truthfulness" and concluded that "detectives acted appropriately in detaining him once they had reasonable suspicion that criminal activity was afoot."[7]  The magistrate judge agrees this claim lacks merit.

17)     In grounds five and six, the petitioner re-asserts claims that the searches at issue were invalid and further claims the doctrine of the fruit of the poisonous tree would have provided the state court with an additional basis for suppressing the evidence in his case.  Because these arguments are dependent on the validity of the claims addressed in this report above, the magistrate judge concludes these claims likewise lack merit.

18)     In summary, the magistrate judge concludes the state court was reasonable in determining that the success of the suppression motions was unlikely and that, therefore, defense counsel correctly assessed his client's chances in advising him to plead guilty.  Because there is no showing of deficient performance, the state court correctly and reasonably determined that the evidence failed to support ineffective assistance of counsel.

---

[7]*See supra* ¶ 4.

**Ground Seven**

19)      Finally, the petitioner seeks habeas relief on grounds of actual innocence. Specifically, the petitioner contends that, absent the evidence that was unlawfully obtained and which should have been suppressed, no reasonable juror could have convicted him, citing *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup v. Delo,* 513 U.S. 298, 316 (1995).

20)      The doctrine of actual innocence, created as a gateway for federal review of procedurally defaulted claims, applies to claims of factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Where a conviction arises from a guilty plea, the petitioner must establish that the alleged constitutional error in his plea colloquy "has probably resulted in the conviction of one who is actually innocent."  *Id.*, (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).   An actual innocence inquiry requires the district court to determine whether, in light of new reliable evidence, no juror acting reasonably would have voted to find the petitioner guilty beyond a reasonable doubt.  *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Schlup,* 513 U.S. at 327, and *House v. Bell*, 547 U.S. 518 (2006). The *Schlup* standard for a claim of actual innocence imposes a heavy burden on the petitioner – the *Schlup* gateway "ensures that the petitioner's case  is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice."  *House*, 547 U.S. at 537.

21)      The respondent argues that the petitioner fails to demonstrate his actual innocence: the petitioner was stopped for a traffic violation, gave police conflicting statements of his whereabouts, received a drug dog hit on his car and on his person, and concealed drug scales with possible drug residue on his person.  According to the respondent, the search warrant for the

petitioner's motel room revealed fifty-four grams of cocaine, baggies, and a receipt for the hotel room.  The respondent further explains that the petitioner, after being placed in the back of the police vehicle for transport, secretly deposited a container of cocaine that was better concealed on his person and not found in the pat-down.  Because the petitioner pleaded guilty to these facts, the petitioner cannot, the respondent argues, make a valid anticipatory argument of actual innocence to counter any claims of procedural default under *Schlup*.

22)    The magistrate judge agrees the claim of actual innocence is wholly without merit. There is simply no "new evidence" of "innocence."  The petitioner does not dispute that the police found a set of scales on his person or dispute the other underlying facts of the conviction. Rather than assert factual innocence, the petitioner argues he is legally innocent because incriminating evidence was not suppressed due to the ineffective assistance of counsel – legal claims this report concludes have no merit.

### III.  RECOMMENDATION

The magistrate judge recommends that the court deny the petition for failure to satisfy the conditions for granting the writ under § 2254(d) and (e).

### IV.  CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether to issue a certificate of appealability.  In order to appeal the denial of a petition in a § 2254 proceeding, § 2253 requires the petitioner to make a substantial showing of the denial of a constitutional right.  This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000).  Rather, the petitioner must show that reasonable jurists

could find debatable whether the § 2254 motion should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that there is no merit to petitioner's claims of actual innocence and ineffective assistance of trial counsel. Accordingly, the magistrate judge will recommend that the court deny a certificate of appeal.

DATE:   January 23, 2013

**James D. Moyer**
**United States Magistrate Judge**

## N O T I C E

Within fourteen days after being served a copy of this Report and Recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen days after being served a copy thereof.

```
cc:  Counsel of Record
     Plaintiff, pro se
```